**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4290**

UNITED STATES OF AMERICA,

　　　　　　　　Plaintiff – Appellee,

　　　v.

JESSE CLEO BAZEMORE,

　　　　　　　　Defendant – Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.　Terrence W. Boyle,
District Judge.　(5:08-cr-00221-BO-1)

Submitted:　August 10, 2010　　　Decided:　September 9, 2010

Before GREGORY and KEENAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant.　George E. B. Holding, United States Attorney, Anne
M. Hayes, Assistant United States Attorney, Raleigh, North
Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jesse Cleo Bazemore appeals his sentence of 108 months in prison and three years of supervised release after pleading guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1), 924 (2006). On appeal, he contends that the district court committed procedural error by failing to adequately explain its decision to reject his request for a sentence at the bottom of his guideline range and to sentence him at the top of his guideline range. We affirm.

We review a sentence imposed by the district court under a deferential abuse-of-discretion standard. See Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires us to ensure that the district court committed no significant procedural error, such as improperly calculating the guideline range, failing to consider the 18 U.S.C. § 3553(a) (2006) factors, or failing to adequately explain the sentence. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). We then consider the substantive reasonableness of the sentence imposed, taking into account the totality of the circumstances. Gall, 552 U.S. at 51. On appeal, we presume that a sentence within a properly calculated guideline range is reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).

In sentencing, the district court should first calculate the advisory guideline range and give the parties an

2

opportunity to argue for whatever sentence they deem appropriate. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). The district court should then consider the relevant § 3553(a) factors to determine whether they support the sentence requested by either party. Id. When rendering a sentence, the district court must make and place on the record an individualized assessment based on the particular facts of the case before the court. Carter, 564 F.3d at 328, 330. "Such individualized treatment is necessary to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." Id. at 328 (internal quotation marks and citations omitted).

In explaining the chosen sentence, the "sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority," but when the district court decides simply to apply the guidelines, "doing so will not necessarily require lengthy explanation." Rita v. United States, 551 U.S. 338, 356 (2007). When a party "presents nonfrivolous reasons for imposing a different sentence, however, the judge will normally go further and explain why he has rejected those arguments." Id. at 357. While a district court must consider the statutory factors and

3

explain its sentence, it need not explicitly reference § 3553(a) or discuss every factor on the record, particularly when the sentence is within a properly calculated guideline range. United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006).

Procedural sentencing errors raised for the first time on appeal are reviewed for plain error. United States v. Lynn, 592 F.3d 572, 577 (4th Cir. 2010). Preserved claims are reviewed for abuse of discretion, and if we find abuse, reversal is required unless we conclude that the error was harmless. Id. at 576. A party preserves a claim of error "by informing the court—when the court ruling or order is made or sought—of the action the party wishes the court to take, or the party's objection to the court's action and the grounds for that objection." Fed. R. Crim. P. 51(b).

To preserve a claim that the district court provided inadequate explanation for a sentence, a party is not required to lodge an explicit objection after the court's explanation. Rather, "[b]y drawing arguments from § 3553 for a sentence different than the one ultimately imposed, an aggrieved party sufficiently alerts the district court of its responsibility to render an individualized explanation addressing those arguments, and thus preserves its claim." Lynn, 592 F.3d at 578. However, "lodging one specific claim of procedural sentencing error before the district court, e.g., relying on certain § 3553

4

factors, does not preserve for appeal a different claim of procedural sentencing error, e.g., relying on different § 3553 factors." Id. at 579 n.4.

If a defendant establishes that the district court committed procedural error by failing to adequately explain its decision not to impose the sentence requested by the defendant, and the claim is preserved, the Government may avoid reversal only if it demonstrates the error did not have a substantial and injurious effect or influence on the result, and we can say with fair assurance that the district court's explicit consideration of the defendant's arguments would not have affected the sentence imposed. United States v. Boulware, 604 F.3d 832, 838 (4th Cir. 2010) (quotation marks and citations omitted).

Bazemore contends that his sentence must be vacated because the district court did not mention any of the § 3553(a) factors or explain the sentence it imposed, and there is nothing in the record to show that the court considered his arguments or made an individualized assessment. The Government contends that even if the district court failed to adequately explain the sentence it imposed in light of the § 3553(a) factors, any error was harmless because the record establishes the district court's individualized consideration of factors relevant to Bazemore's sentence, the court actively listened to and considered the arguments of Bazemore and his attorney, and it is unrealistic to

5

conclude that the court's explicit mention of the mitigating factors addressed by Bazemore's attorney would have resulted in a shorter sentence.

Our review of the record convinces us the Government is correct, and that any error in this case was harmless. The district court engaged both Bazemore and his attorney in an extended discussion of factors relevant to his sentence, including the nature and circumstances of Bazemore's offense and his history and characteristics. The district court responded to counsel's arguments with questions and comments making it clear that the court understood but ultimately rejected the arguments. Thus, the record reflects that the district court made an individualized assessment based on the facts presented.

Not only did Bazemore possess a firearm on the night of the instant offense, he used the firearm to inflict serious injuries on his victim. Moreover, the firearm was a stolen semi-automatic handgun, and Bazemore admitted he had a history of owning firearms including stolen firearms. When counsel argued for a lower sentence based on Bazemore's young age and education at the time of his arrest, letters from his family and employer, the district court reviewed his record of drug dealing. Bazemore had four prior felony convictions for possession with intent to sell cocaine for which he received extremely lenient treatment in state court. Counsel argued that

Bazemore had "learned the last lesson that he needed to learn" and had "consistently improved," because he had not had a conviction since 2004 and his probation sentence for that conviction terminated without him being cited for a violation. The court responded by noting that Bazemore was still carrying a gun.

Finally, the Government pointed out that Bazemore "pistol-whipped the victim" and argued that if it were not for the changes in North Carolina sentencing law, he would be an armed career criminal facing between 180 and 210 months in prison. Bazemore did not dispute the claim, and immediately after this discussion, the district court imposed a sentence of 108 months imprisonment. Even if this constituted procedural error, we conclude it was harmless, because we can say with fair assurance that the district court's explicit consideration of Bazemore's arguments would not have affected the sentence that was imposed.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

7